**AETNA CASUALTY & SURETY COMPANY, Appellant,**

v.

**Wilbert C. MOORE, Appellee.**

No. 6717.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 31, 1964.

Rehearing Denied Jan. 27, 1965.

King, Sharfstein & Rienstra, Beaumont, for appellant.

Carl Waldman, Beaumont, for appellee.

PARKER, Justice.

Wilbert C. Moore sued Aetna Casualty & Surety Company for compensation under the Workmen's Compensation Act for an injury to his back sustained while working for E. I. du Pont de Nemours & Company. Upon a jury verdict, judgment was entered in favor of Wilbert C. Moore for total and permanent disability. Wilbert C. Moore will be referred to as appellee and Aetna Casualty & Surety Company will be referred to as appellant.

The jury found that appellee was injured on or about the 12th day of December, 1961, thereby sustaining total disability beginning on the date of the injury, and in answer to Special Issue No. 5 found that such total disability would be permanent. Appellant's first and second points of error are as follows:

1. The Court erred in overruling Appellant's Amended Motion for New Trial for the reason that Appellee, having admitted that he drew fourteen weeks of unemployment compensation upon the representation that he was available for work, able to work, and willing to work, he was not as a matter of law totally disabled during such period of time and the jury's finding in Special Issue No. 5 that Appellee's total disability was permanent should have been set aside.

2. The Court erred in overruling Appellant's Amended Motion for New Trial for the reason that Appellee, having admitted that he drew fourteen weeks of unemployment compensation upon the representation that he was available for work, able to work, and willing to work, it would be contrary to the public policy of Texas to permit Appellee to collect Workmen's Compensation benefits upon the representation that he was physically unable to work during such period, and for the same period, to collect unemployment compensation upon the representation that he was able to work.

On the printed claim forms of Texas Employment Commission, in unsworn statements, appellee represented that he was available for work, able to work and willing to work from May 9, 1962 to August 9, 1962. Upon such representations appellee was paid unemployment compensation for such period of time. Appellant has no plea of estoppel of any kind. Appellee was not

judicially estopped to deny his unsworn statements to Texas Employment Commission above referred to. Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956). Since appellant is not in privity with Texas Employment Commission and has no plea of estoppel, it cannot urge equitable or quasi-estoppel as precluding appellee from asserting his rights to workmen's compensation in the instant suit as being inconsistent with his admissions in the former proceeding to obtain unemployment compensation. Swilley v. McCain, Tex., 374 S.W.2d 871, 875 (1964), and cases cited therein.

■ Not being precluded from so doing, appellee could and did deny his former statements to Texas Employment Commission. In the present suit, appellee testified that he was totally and permanently disabled to work from the date of his injury on December 12, 1961. There was ample probative evidence, including medical, supporting appellee's sworn testimony in the court below denying and contradicting appellee's former unsworn statements to the Texas Employment Commission. These disputed fact issues were properly submitted to the jury because it was the province of the jury, not the court, to determine whether the first or last testimony of appellee was true. Texas Employers' Ins. Ass'n v. Davis, 228 S.W.2d 257 (Tex.Civ.App., 1950, err. ref.), and authorities cited therein.

Texas Employment Commission may have a cause of action against appellee to recover money it paid him by way of unemployment compensation, but the Legislature has not authorized appellant to bring such a suit for such agency of the State of Texas. Neither did the Legislature intend that appellant should have the benefit of money appellee reecived as unemployment compensation or it would have provided therefor in the Workmen's Compensation Law. Further, referring to appellant's Point 2, we consider the public policy of this State as to such claimed error is as announced in the authoritative decisions of the Supreme Court of Texas including those cited herein. Our conclusion therefrom is that Point 2 is without merit. Points 1 and 2 are overruled.

In Special Issue No. 5 the jury finding is that appellee's total disability will be permanent. The testimony of Dr. Williams and Dr. Sharky, as well as lay witnesses, furnish evidence that appellee was totally disabled on the 12th day of December, 1961, and that such disability is permanent. Appellant's Point of Error No. 3 contending there is no evidence to support the finding of permanence in disability is overruled. Considering all the evidence, such finding of the jury in Special Issue No. 5 is not so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Appellant's Point of Error No. 4 is overruled.

The finding of the jury in Special Issue No. 7 is that appellee had not and did not sustain any partial disability. Appellant's Point of Error No. 5 is that there is no evidence to sustain the jury finding in Special Issue No. 7. Appellant makes the same argument under this Point of Error as it previously made under Points of Error Nos. 1 and 2. Also, appellant cites Texas Employers' Ins. Ass'n v. Moran, 261 S.W.2d 855 (Tex.Civ.App.). In that case the evidence clearly shows that during an eleven-month period Moran obtained a new job after passing a pre-employment physical examination, doing the same work and earning three times as much as he had before his accident. In the instant case, appellee had been a journeyman painter prior to his injuries, which requires bending, stooping and command of the body in all positions. After the injury, he was employed for a short period of time doing lighter work. Further, he had to hire a helper to do some of the usual tasks of a workman he was unable to do as a result of his injury. His income from such lighter work was substantially less than he had earned previous to his injury. Dr. Williams' testimony clearly shows appellee was totally disabled as distinguished from partially disabled from the time of his injury on December 12, 1961. The evidence

in this case is very different from that upon which the opinion was written in Texas Employers' Ins. Ass'n v. Moran, supra. Appellant's Point of Error No. 5 is overruled. Considering all the evidence, the jury finding in Special Issue No. 7 is not so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Argonaut Insurance Company v. Shawver, 375 S.W.2d 510 (Tex. Civ.App., 1964, err.ref. n. r. e.), and cases cited. Appellant's Point of Error No. 6 is overruled.

The judgment of the trial court is affirmed.