**CANNON BALL TRUCK STOP, INC., et al., Appellants,**

v.

**MOBIL OIL CORPORATION, Appellee.**

**No. 892.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 7, 1973.

Rehearing Denied Nov. 28, 1973.

Joseph Latting, Gay & Latting, Austin, Carroll W. Glaser, Ellett, Camp & Glaser, Rockdale, for appellants.

Thomas C. McClellan, Dallas, for appellee.

COULSON, Justice.

Mobil Oil Corporation, appellee, sued Cannon Ball Truck Stop, Inc., and W. F. Zawatsky, appellants, to recover the state tax on diesel fuel which Mobil paid to the State of Texas after the appellants' failure to pay it. Summary judgment was entered against Zawatsky and later against Cannon Ball.

The controlling question here is whether a cause of action by a supplier against a non-bonded dealer for collection of the diesel fuel tax accrues when the supplier pays the State.

On July 6, 1962, Zawatsky entered into a dealer sales agreement whereby he dispensed Mobil fuels at his service station in Caldwell, Texas. Zawatsky purchased Mobil diesel fuel under this agreement. This agreement was not terminated until December, 1966. The service station and cafe were incorporated on April 24, 1963, as Cannon Ball Truck Stop, Inc. Thereafter, the invoices show Zawatsky continued to receive the diesel fuel. During the entire four and one-half year period, Mobil failed to collect the State's diesel fuel tax from either defendant. On February 2, 1967,

Zawatsky wrote a letter to Mobil stating: "It is also understood that I owe a tax obligation which Mobil Oil Company is obligated to pay." Mobil paid the tax to the State on February 13, 1967. Mobil instituted suit on July 21, 1967, and obtained a summary judgment against Zawatsky for the entire tax of $36,273.52. Four years later Mobil obtained a second summary judgment against Cannon Ball for the entire amount.

Appellants argue that the letter was incompetent as an acknowledgment to toll the running of the statute of limitations and that the appropriate limitation period is two years, which would bar that part of the tax which should have been collected before July 21, 1965. Under our view of the cause of action, the letter and limitation period are irrelevant. We hold that a supplier's cause of action for the diesel fuel tax owed by a non-bonded dealer accrues when the supplier pays the tax to the State.

The Diesel Fuel Tax Law establishes a scheme whereby suppliers collect the State's six and one-half cents (6.5¢) per gallon from each non-bonded dealer, who in turn collects it from the consuming public. Tex.Tax.-Gen.Ann. art. 10.03, V.A.T.S. (1969). The supplier is merely the agent for the State; the dealer has the primary duty to collect the tax and remit it to the State. It is not necessary to determine here whether a supplier would have an independent cause of action for the tax against a dealer upon each sale of diesel fuel. *See* Reaves & Becker Company v. Wilkes Company, 392 S.W.2d 379 (Tex. Civ.App.—Austin 1965, writ dism'd). Appellants do not deny that the tax was collected from the motoring public, and it is sufficient for our purposes that a supplier becomes legally subrogated to the State's cause of action when he pays the tax. Legal subrogation arises when one pays the debt of another under circumstances whereby equity gives the cause of action held by the creditor to the payor. Fishel's Fine Furniture v. Rice Food Market, 474 S.W.2d 539 (Tex.Civ.App.—Houston (14th Dist.) 1971, writ dism'd). Mobil was not subrogated to the State's claim until it paid the tax on February 13, 1967, in the same year this suit began.

The summary judgment against Cannon Ball is attacked, because part of the tax liability was incurred before the corporation came into existence. The effect of the orders of the court below is that Zawatsky and Cannon Ball are jointly liable for the entire debt. We hold that Zawatsky is liable for the tax collected before Cannon Ball's incorporation. However, the corporation cannot be liable for Zawatsky's debts before it was created. A corporation had been held to answer for the personal debts of a controlling stockholder, American Petroleum Exchange, Inc. v. Lord, 399 S.W.2d 213 (Tex.Civ. App.—Fort Worth 1966, writ ref'd n.r.e.), but not when those debts were incurred before the corporation existed, absent an allegation of fraud. However, this issue does not present a material fact question precluding summary judgment. Texas Rules of Civil Procedure, rule 166–A(c). Attached to the affidavit of Mobil's consignee in support of the motion for summary judgment against Zawatsky (Exhibit B) are all of the invoices, bearing the date and the number of gallons of diesel fuel delivered. The amount of the tax from the date of Cannon Ball's incorporation is readily computable.

Appellants complain that both of them cannot be held liable for the tax after Cannon Ball was incorporated. However, as this Court views the defendants' relation to each other, Cannon Ball was the dealer who collected the tax from the public, and Zawatsky was its supplier. All of the invoices bear Zawatsky's name, not Cannon Ball's. Thus Zawatsky received the diesel fuel, he delivered it to Cannon Ball, and Cannon Ball sold it and collected the tax. Since we interpret the mandatory language of Article 10.03(3) to mean that a supplier is liable to the State for the tax even if he has failed to collect it from his dealer, Zawatsky as the supplier to Cannon Ball is

jointly and severally liable with Cannon Ball.

All of appellants' points of error have been considered and are overruled.

The summary judgment against W. F. Zawatsky is affirmed in all respects. The summary judgment against Cannon Ball Truck Stop, Inc., is reformed to state that it is jointly and severally liable with W. F. Zawatsky for the sum of $29,592.70 with interest from date of the judgment.