**AETNA LIFE INSURANCE CO., Appellant,**

v.

**Homer Baxter WELLS, Appellee.**

**No. 15701.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 27, 1977.

Rehearing Denied Nov. 2, 1977.

George S. Finley, Smith, Davis, Rose, Finley & Hoffman, San Angelo, for appellant.

Robert C. Trenchard, Jr., Trenchard, Davis & Hardwick, Odessa, for appellee.

CADENA, Chief Justice.

Defendant, Aetna Life Insurance Company, appeals from a judgment awarding plaintiff, Homer Baxter Wells, recovery, under a group hospitalization and medical expenses insurance policy issued by defendant, for medical expenses incurred by plaintiff as a result of a heart attack. The judgment was in the amount of $5,578.92, consisting of $3,624.04, representing actual medical expenses incurred by plaintiff, $434.88, representing the penalty provided for by Article 3.62, Tex.Ins.Code Ann. (1963) and $1,520.00 as attorneys' fees.

The policy covered only medical expenses incurred by the insured in connection with the treatment of "non-occupational" diseases and injuries. The definitions of "non-occupational disease" and "non-occupational injury" contained in the policy may be summarized, insofar as pertinent to this case, as excluding from the coverage of the policy hospital and other medical expenses incurred as the result of an "accidental injury," that is, injury which entitles the insured to compensation under our workmen's compensation statute.

The judgment in favor of plaintiff is based on a jury finding that the heart attack suffered by plaintiff, which gave rise to the hospital and medical expenses which plaintiff seeks to recover, was not "an accidental injury incurred in the course and scope of [plaintiff's] employment."

Defendant asserts that, as a matter of law, the contentions and pleadings of plaintiff made in his prosecution of a claim under the workmen's compensation statute constitute judicial admissions that the heart attack suffered by plaintiff was an "accidental injury," and that, as a result of the position taken by plaintiff in connection with his successful claim for workmen's

compensation, he is now, as a matter of law, judicially estopped from asserting that the hospital and medical expenses in question were incurred as the result of a "non-occupational" injury or disease. Defendant does not here assert that the verdict of the jury is contrary to the overwhelming weight and preponderance of the evidence.

Plaintiff suffered a heart attack on April 22, 1972, while performing duties related to his employment. As a result, he was hospitalized and underwent open-heart surgery. Defendant paid a part of such hospitalization and treatment. After plaintiff learned that defendant had not paid all of the expenses incurred by him, plaintiff filed his claim for workmen's compensation by filling out a form mailed to him by the Industrial Accident Board in response to a report of the injury filed by plaintiff's employer. Plaintiff filed his claim, without the benefit of assistance from an attorney, on September 12, 1972.

On April 9, 1973, plaintiff retained an attorney to assist him in presenting his claim for compensation, and on that same day he filed an amended notice of injury and claim for compensation prepared by the attorney.

The Industrial Accident Board awarded plaintiff compensation in the amount of $17,733.88 and ordered the compensation carrier, Highlands Insurance Company, to pay all of plaintiff's hospital and medical bills. Highlands appealed the award to a district court and plaintiff filed a cross-action for compensation.

On January 15, 1974, plaintiff and Highlands entered into a settlement agreement which was approved by the district court in a final judgment entered on that date. Under the terms of the agreement and judgment, Highlands paid plaintiff $15,000.00 as compensation and $5,368.01 as payment of all medical expenses incurred by plaintiff prior to the date of the agreement and judgment. In addition, Highlands agreed, and the judgment ordered it, to pay all of plaintiff's medical expenses for a period of one year from the date of the agreement and judgment.

On May 3, 1974, plaintiff filed this suit against defendant seeking recovery for hospital and medical expenses under the group hospitalization policy, plus the 12% statutory penalty and attorneys' fees. The medical expenses which plaintiff seeks to recover in this suit are the same as those itemized by him in connection with his claim for workmen's compensation.

In his original claim for compensation filed with the Industrial Accident Board on September 12, 1972, plaintiff described his injury as follows:

I was doing my regular work after riging [sic] up the 4–21–and dubling [sic] back that night, 12:30 a. m., when the attack hit.

The amended notice of injury and claim for compensation filed by plaintiff on April 9, 1973, after describing the type of work in which he was engaged, continued:

I overexerted myself and it caused a physical strain causing me to sustain a heart attack and/or injury to my heart and the nerves, tissues, blood vessels, muscles and ligaments of my heart were also injured and damaged.

After the amended notice and claim were filed, an examiner for the Board conducted a hearing. According to plaintiff's testimony in this case at that hearing he "testified" that he had suffered a heart attack because of the physical strain incident to performing the duties of his employment. He testified in the court below that these statements were made under oath and, in answer to a later question, said he was "sure" he was under oath when he made those statements to the examiner.

In one of the forms filed out by plaintiff he stated that his claim for compensation was based on an "accident" and that the "illness for which claim is being made" was "related to employment." At the trial of this case he testified, when questioned about such statements, "Well, I was on the job when this attack occurred." He added that, at the time he was claiming compensation, he "believed . . . that that attack was in some way connected to" his employment.

In his cross-action filed in district court in connection with the appeal by the compensation carrier from the award of the Industrial Accident Board, plaintiff alleged that he had sustained an "accidental injury" on April 22, 1972 in the course of his employment.

Prior to the time that plaintiff submitted his claim for workmen's compensation, he filed a claim with defendant, under the hospitalization policy involved in this case, for payment of his hospital and medical expenses. In this instrument plaintiff asserted (1) the claim was not based on an accident; (2) the claim was related to his employment; and (3) the condition on which his claim was based was not due to sickness or injury arising out of his employment.

■ A judicial admission is generally defined as an express act of waiver by a statement in pleadings, by stipulation or by formal declaration in open court which asserts the truth of an allegation. So long as the statement, stipulation, or declaration stands unretracted, it is taken, for the purposes of the case, as true and no testimony by the admitter tending to show its falsity will ordinarily be received. 9 Wigmore, Evidence § 2588 (3d ed. 1940). In Texas the term has been defined as a "waiver of proof" in a judicial proceeding. *United States Fidelity & Guaranty Co. v. Carr*, 242 S.W.2d 224, 229 (Tex.Civ.App.—San Antonio 1951, writ ref'd). However, a judicial admission constitutes a waiver of proof of the admitted or asserted fact only in the proceeding in which it is made or, perhaps, in a subsequent proceeding involving the same parties. *Mahoney v. Mahoney*, 103 S.W.2d 459, 462 (Tex.Civ.App.—Amarillo 1937, writ ref'd). Defendant here, a stranger to the proceeding in which the alleged judicial admission was made, cannot rely on it as conclusive proof that the heart attack suffered by plaintiff was an accidental injury. Plaintiff's pleadings and contentions in the compensation suit were, of course, admissible in this case for the purpose of aiding the jury in determining the question of fact involved in this case, and they were so admitted. But such statements are not conclusive of the fact which defendant asserts was admitted by such statements.

■ Under the doctrine of judicial estoppel, as applied in *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956), the estoppel arises from sworn statements made in a judicial proceeding by the person against whom the estoppel is sought to be invoked. The statement upon which the claim of estoppel is based may have been made in verified pleadings, an affidavit, or a deposition during the course of sworn testimony. The doctrine finds its most frequent application in situations where the statement giving rise to the estoppel was made in prior judicial proceedings. *See* Comment, 8 Baylor L.Rev. 41 (1956); Note 11 Sw.L.J. 96 (1957). The person seeking the protection of the doctrine need not have been a party to the prior proceeding in which the statement was made. *Swilley v. McCain*, 374 S.W.2d 871 (Tex.1964).

In every case in which the doctrine has been applied in favor of a person who was not a party to the proceedings in which the statement was made, the prior statement or assertion which forms the basis for the claimed estoppel was made under oath. "In Texas the doctrine of judicial estoppel has long been recognized with the modification that the statement or contention in a prior proceeding must have been made under oath." *Yarber v. Pennell*, 443 S.W.2d 382, 384 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.); *Aetna Casualty & Surety Co. v. Moore*, 386 S.W.2d 639, 640–41 (Tex.Civ. App.—Beaumont 1964, writ ref'd n. r. e.).

■ The statements made by plaintiff in the printed claim forms which he filed with the Industrial Accident Board were not made under oath. Nor were the pleadings filed by plaintiff in the appeal from the award of the Board verified. Nothing contained in these documents can support defendant's claim of judicial estoppel. *Johnson Service Co. v. TransAmerica Ins. Co.*, 485 F.2d 164, 175 (5th Cir. 1973).

■ We consider next the statements made by plaintiff at a hearing conducted by

an examiner of the Industrial Accident Board.

At the trial of this case plaintiff testified that he appeared at a hearing "before an Examiner" and made "claims to that Examiner in your testimony that" he "had sustained a heart attack because" he "had physical strain on the job and that caused" him "to sustain the heart attack." He stated that these statements were made by him as part of his "sworn testimony" and that he was "sure" he was "sworn in under oath.".

All of plaintiff's testimony concerns a hearing before an "examiner." The evidence, at best, is equivocal concerning the nature of the proceeding at which plaintiff made the statements in question.

We find no reference in the statutes to hearings before an "examiner." Tex.Rev. Civ.Stat.Ann. art. 8307, § 10 (1976 Supp.), authorizes the holding of a "pre-hearing conference." Paragraph (b) of § 10 of the statute authorizes the Industrial Accident Board "to direct the parties to appear before the Board, any member thereof or a pre-hearing officer for pre-hearing conferences to attempt to adjust and settle the claim amicably and to take such other action other than taking of testimony that may aid in the disposition of the claim." Paragraph (a) of § 10 expressly provides that the pre-hearing officer shall not be empowered to "take testimony." The record in this case affirmatively shows that the Board, on May 22, 1973, ordered plaintiff and the compensation carrier to appear at a pre-hearing conference on June 13, 1973, and that such pre-hearing conference was held but no settlement was reached. The Board's order setting the date for the pre-hearing conference recites that no testimony is to be taken at the pre-hearing conference.

The record before us does not conclusively establish that plaintiff appeared at the hearing held by the Industrial Accident Board on June 29, 1973, or that, if he did appear, he made any statements at such hearing, under oath or otherwise.

The use of the word "examiner" indicates that plaintiff's testimony did not concern statements made by him at a formal Board hearing. It is clear that plaintiff was speaking of a hearing held before one person, rather than a group of persons. This points to a pre-hearing conference rather than to a formal Board hearing. The statutory prohibition against the taking of testimony at such pre-hearing conference and the express denial of the existence of power in pre-hearing officers to take testimony precludes the conclusion that the testimony conclusively establishes that the statements in question were made by plaintiff while he was giving testimony under oath.[1]

▪ Since the pre-hearing conference is limited by statute to an attempt, without the taking of testimony, to adjust and settle the claim amicably, it is clear that such conference is not a "judicial proceeding." The doctrine of judicial estoppel is applicable only when "a party to a suit alleges or admits in his pleadings in a former judicial proceeding, under oath, the contrary of the assertion sought to be made in the case then being tried." *Turcotte v. Trevino*, 499 S.W.2d 705, 717 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.).

We do not find it necessary here to determine whether a hearing before the Industrial Accident Board is a "judicial proceeding." We do no more than hold that the pre-hearing conference is not a judicial proceeding.

Plaintiff did file pleadings in a district court after the compensation carrier had sued to set aside the award of the Board. However, none of such pleadings filed by plaintiff were verified and, therefore, the statements in such unsworn pleadings are insufficient to support defendant's claim of judicial estoppel. Again, the record before us does not establish, as a matter of law, that plaintiff made inconsistent statements under oath, in a prior judicial proceeding.

1. Nowhere in its pleadings raising the defenses of judicial admissions and judicial estoppel did defendant allege that plaintiff had made any statements under oath.

Neither in his pleadings below nor in his brief in this Court does defendant invoke the doctrines of estoppel by judgment, collateral estoppel, or equitable estoppel. It might, nevertheless, be proper to point out that the judgment in the appeal from the award of the Board was based on, and expressly approved, a settlement agreement executed by plaintiff and the compensation carrier which contained the following language:

It is understood, agreed and realized by and between [plaintiff and the compensation carrier] that the overwhelming weight of solicited medical opinion, based upon reasonable medical probability, concludes that the alleged accidental injury made the subject of this lawsuit was not an accidental injury within the coverage of the Texas Workmen's Compensation Act.

The district court judgment in the compensation suit recites that the litigation "presents a case involving questions as to the occurrence of an accident, the liability of the [compensation carrier] to pay benefits of any kind under the provisions of the Workmen's Compensation Act, * * * and other questions, all of which are disputed issues, indefinite, uncertain, and incapable of being exactly established and determined." Nowhere in the judgment is an effort made to resolve, or make findings concerning, such disputed issues.

Our conclusions are not contrary to the conclusion reached in *Van Deusen v. Connecticut General Life Insurance Co.*, 514 S.W.2d 951 (Tex.Civ.App.—Fort Worth 1974, no writ). In that case the person against whom the estoppel was applied had made sworn statements, in a prior judicial proceeding, in the form of an affidavit and a deposition. The *Van Deusen* opinion merely holds that the application of the doctrine of judicial estoppel is not limited to cases where the prior contradictory statements were made in a sworn pleading. "We hold that it is not necessary that the sworn statement giving rise to the estoppel occur in sworn pleadings. It can occur in sworn pleadings, depositions, oral testimo-

ny, or in an affidavit, . . . ." The opinion contains no language suggesting that application of the doctrine of judicial estoppel can be based on previous unsworn statements.

Since defendant failed to establish the basis for application of the doctrines of judicial admissions and judicial estoppel, the case before us is merely one in which the evidence shows the making of prior inconsistent statements by plaintiff. Evidence of such prior inconsistent statements did no more than raise a fact issue which was resolved in favor of plaintiff. In the absence of a plea of estoppel by judgment, defendant has presented to this Court no basis for reversal of the judgment below.

The judgment of the trial court is affirmed.