**HIGHWAY CONTRACTORS, INC., Appellant,**

v.

**WEST TEXAS EQUIPMENT COMPANY, INC., Appellee.**

No. 9095.

Court of Civil Appeals of Texas, Amarillo.

June 29, 1979.

Culton, Morgan, Britain & White, W. H. Brian, Jr., Amarillo, for appellant.

Gibson, Ochsner & Adkins, Marvin W. Jones, Amarillo, for appellee.

COUNTISS, Justice.

West Texas Equipment Company, Inc. brought this sworn account action against Highway Contractors, Inc., seeking recovery of sales tax, penalty, interest and attorney's fees. The equipment company alleged that it was required to pay sales tax, penalty and interest to the State of Texas as a result of certain business transactions with the contractor and that those expenditures were in reality the obligation of the contractor, for which the equipment company was entitled to reimbursement.

Both parties filed motions for summary judgment. In its motion, the equipment company alleged that there was no genuine issue as to any material fact, "except as to the amount of reasonable attorney's fees to which Plaintiff may be entitled . . . ." In its concluding numbered paragraph and again in its prayer, the equipment company requested a trial on the merits on the question of attorney's fees if successful on the other aspects of its motion for summary judgment.

After hearing both motions for summary judgment the following exchange occurred between counsel and the trial court:

THE COURT: I'll grant the Summary Judgment for West Texas. Go figure up the amount.

MR. JONES: Judge, I think the amount here is $1,770.12.

THE COURT: How much?

MR. JONES: $1,770.12.

THE COURT: Tax and penalty—

MR. JONES: I believe the interest will run at six percent from April 1st, 1974.

THE COURT: Post judgment nine percent.

MR. JONES: Yes, sir.

THE COURT: Anything else?

MR. JONES: Again we pray for attorney's fees, and with the Court's permission I'd like to set a hearing on that at a later time.

THE COURT: All right, I'll do that.

On March 15, 1979, the trial court signed the judgment granting the equipment company summary judgment on the account plus penalty and interest. The judgment appears to be final on its face but does not sever or resolve the issue of attorney's fees and does not assess court costs. On March 20, 1979, the district clerk mailed a Rule 306d, Tex.R.Civ.P., notice to contractor's counsel.

On April 4, 1979, the equipment Company's counsel asked the trial court to set the attorney's fees question for trial and the contractor's counsel responded on April 6, 1979, that the judgment appeared to be final but if further proceedings were to be held that they be held the early part of the week of April 9. The trial court took no action on the request for trial and the contractor perfected its appeal to this court. The equipment company has now filed a motion to dismiss the appeal for want of jurisdiction, contending that the judgment is interlocutory until the issue of attorney's fees is resolved.

We find that the judgment is interlocutory and accordingly grant the motion to dismiss the appeal for want of jurisdiction.

The resolution of the question before the court depends upon the intention of the trial court gathered from the language of the decree, the record as a whole and the conduct of the parties. *Ferguson v. Ferguson*, 161 Tex. 184, 338 S.W.2d 945, 947 (1960); *Gregory v. Lytton*, 422 S.W.2d 586, 589 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.); *Thomas v. International Seamen's Union of America*, 101 S.W.2d 328, 332 (Tex.Civ.App.—Beaumont 1937, no writ); 4 R. McDonald, Texas Civil Practice, § 17.03.1 (rev.1971). To be final a judgment must dispose of all issues and parties so that no future action by the court is necessary in order to settle and determine the entire controversy. *Davis v. McCray Refrigerator Sales Corporation*, 136 Tex. 296, 150 S.W.2d 377 (1941); *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 892 (1956); *McCormick v. Hines*, 503 S.W.2d 333, 335 (Tex.Civ.App.—Amarillo 1973, no writ). That is not to say that a judgment must speak to each issue raised in the trial court because a judgment not intrinsically interlocutory in character will be presumed to dispose of all parties and issues before it in the absence of a contrary showing in the record. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 897–898 (Tex.1966). If the judgment is determined to be interlocutory from an examination of the entire record, the party against whom it has been rendered will have a right of appeal when, and not before, the same is merged in a final judgment disposing of the whole case. *Hewitt v. Nielsen*, 553 S.W.2d 248, 250 (Tex.Civ.App.—Austin 1977, no writ); *Clabaugh v. City of Tyler*, 531 S.W.2d 152, 154–155 (Tex.Civ.App.—Tyler 1975, no writ).

Applying the foregoing rules to the case before us, it is clear that the judgment in the case is interlocutory. The judgment recites the hearing of the motions for summary judgment filed by the parties, denies the motion of the contractor and grants summary judgment for the equipment company. Presumably the court was granting only the relief sought in the equipment company's motion and from the outset of the summary judgment proceeding the equipment company sought only an interlocutory summary judgment. Also, the judgment does not assess court costs. At the conclusion of the hearing, after the court had announced its intention to grant the equipment company's motion, a request was again made for a hearing to resolve the question of attorney's fees and the court agreed to make a setting. The same request was subsequently made by letter after the judgment in question was signed. Thus, an examination of the decree, the record as a whole and the conduct of the parties compels the conclusion that the judgment is merely interlocutory and non-appealable.

We note also that a contrary resolution of the question would result in substantial injustice. The equipment company took reasonable steps to preserve its claim for attorney's fees, but will have lost the right to present that claim if the judgment is deemed final, since the issue was not severed and more than thirty days have elapsed since entry of the judgment in question. Rule 329(b), Tex.R.Civ.P.

Accordingly, the appeal is dismissed and costs are taxed against Highway Contractors, Inc.