**HIGHWAY CONTRACTORS, INC., Appellant,**

v.

**WEST TEXAS EQUIPMENT COMPANY, INC., Appellee.**

No. 9226.

Court of Civil Appeals of Texas, Amarillo.

May 29, 1981.

Culton, Morgan, Britain & White, W. H. Brian, Jr., Amarillo, for appellant.

Gibson, Ochsner & Adkins, Marvin W. Jones, Amarillo, for appellee.

COUNTISS, Justice.

This is an appeal from a summary judgment awarding appellee West Texas Equipment Company, Inc. (hereafter "West Texas") recovery against appellant Highway Contractors, Inc. (hereafter "Highway Contractors") for uncollected sales tax, attorney's fees, interest and costs. The appeal presents questions of judicial estoppel and limitations. Having concluded that there is a material disputed fact question, we reverse and remand.

West Texas is a lessor and seller of heavy duty equipment. On October 17, 1973, it sold a Caterpillar wheel loader to Highway Contractors. At the time of the sale, West Texas did not collect the Texas sales tax[1] on the transaction because it was not certain the tax was applicable. The Comptroller of the State of Texas subsequently ruled, however, that the transaction was taxable. On July 22, 1977, West Texas paid the sales tax and on May 23, 1978, filed this suit seeking reimbursement for the tax and ancillary relief from Highway Contractors.[2]

Both parties moved for summary judgment. West Texas' motion, supported by affidavit, was based on its pleaded cause of action. Highway Contractors' motion, supported by certified copies of prior judicial proceedings, was based on defenses of judicial estoppel and the four-year statute of limitations. The trial court denied Highway Contractors' motion and granted partial summary judgment to West Texas on its primary claim. After further proceedings,[3] attorney's fees were also awarded and the judgment in question here was rendered.

In this court, Highway Contractors presents three points of error. By points one and two, it contends the trial court erred in overruling its motion for summary judgment because the tax claim is barred by judicial estoppel and the four-year statute of limitations. Under its final point, it contends the trial court erred in granting West Texas' motion for summary judgment because there were material fact questions to be resolved in connection with the judicial estoppel defense, if it was not established as a matter of law. We will first resolve points one and three.

Highway Contractors' judicial estoppel argument is grounded on the following facts. Highway Contractors' exhibits establish that, prior to filing the suit now before the court, West Texas sued an entity named J. R. Adams, Inc. (hereafter "Adams") for reimbursement of sales tax West Texas had been required to pay on various equipment sales to Adams. In its sworn petition in that suit, West Texas listed the Caterpillar wheel loader in question here as one of the items of equipment sold to Adams. On October 28, 1977, the trial court signed a judgment reciting that all matters in controversy had been settled and dismissing the suit against J. R. Adams, Inc. "with prejudice to the right of Plaintiff herein to refile the same as to said Defendant...."

By responsive affidavits, West Texas stated that the Caterpillar wheel loader was included in the suit against Adams "by virtue of mistake or inadvertent error." After settlement with Adams, West Texas learned that Adams had not paid the tax on the Caterpillar wheel loader and contacted Adams. The response from Adams indicated that Highway Contractors, not Adams, had purchased the wheel loader. Subsequently, West Texas sued Highway Contractors for the sales tax on the wheel loader.

---

1. *See* Chapter 20, Limited Sales, Excise and Use Tax in Tex.Tax.-Gen.Ann. art. 20.01–.17 (Vernon 1969) & (Vernon Supp.1980–1981).

2. West Texas apparently failed to collect the sales tax on a number of equipment sales during the time period in question here. *See, e. g., Sterling Const. Co. v. West Texas Equipment,*

597 S.W.2d 515 (Tex.Civ.App.—Amarillo 1980, no writ).

3. *See Highway Contractors v. West Texas Equipment Co.,* 584 S.W.2d 382 (Tex.Civ.App. —Amarillo 1979, no writ).

Highway Contractors contends, first, that West Texas is judicially estopped as a matter of law from collecting the tax because it included the same request for relief, growing out of the same transaction, in its suit against Adams and the suit was dismissed with prejudice. Alternatively, it contends that there is at least a material fact question on the defense of judicial estoppel.

The Supreme Court opinion in *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956), sets out the basic principles of judicial estoppel in Texas. In a prior suit to enjoin a judgment creditor, Knox, the judgment debtor, and his wife had sworn under oath that certain property upon which a creditor was seeking to levy execution was the separate property of Mrs. Knox. The district court temporarily restrained the sheriff from selling the property and the creditor's attorney, concluding he could not prevail, did not pursue the execution. After Mr. Knox's death, his daughter sued Mrs. Knox seeking to establish that the property in question was community property instead of Mrs. Knox's separate property. The Supreme Court applied the doctrine of judicial estoppel, stating (291 S.W.2d at 295):

> The doctrine of judicial estoppel is not strictly speaking estoppel at all but arises from positive rules of procedure based on justice and sound public policy.
>
> \*   \*   \*   \*   \*   \*
>
> "Under the doctrine of judicial estoppel, as distinguished from equitable estoppel by inconsistency, a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made."
>
> \*   \* ‘   \*   \*   \*   \*
>
> It has likewise been held that it is not necessary that the party invoking this doctrine should have been a party to the former proceeding.
>
> \*   \*   \*   \*   \*   \*
>
> Although the injunction suit was dismissed and the restraining order expired, the purpose of the affiant was accomplished as thoroughly as if a judgment

had been entered in favor of the plaintiffs in that suit. The creditor was convinced and abandoned further efforts. Knox gained the advantage of preventing the property from being sold. *Having thus sworn under oath in this judicial proceeding that his wife owned the property in her separate right he would not be heard now to maintain a contrary position in the absence of proof that the averment was made inadvertently or by mistake or by fraud or duress.* There was not only no proof of this character but rather the evidence shows conclusively that the affidavit was made voluntarily, with full knowledge of all the facts and with the intention to prevent satisfaction of the judgment against him. (Emphasis added).

*See also Metroflight, Inc. v. Shaffer*, 581 S.W.2d 704, 709 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.), and *Aetna Life Ins. Co. v. Wells*, 557 S.W.2d 144, 147 (Tex.Civ.App. —San Antonio 1977), writ ref'd n. r. e., 566 S.W.2d 900 (Tex.1978).

■ The rule may be summarized as follows: A party is judicially estopped in a subsequent proceeding by having alleged or admitted in pleadings in a former proceeding, under oath, the contrary of the assertion sought to be made in the subsequent proceeding, in the absence of proof that the averment in the former proceeding was made inadvertently or by mistake, fraud or duress.

■ Analyzing the summary judgment evidence in accordance with the foregoing principles, we disagree with Highway Contractors' contention that it established judicial estoppel as a matter of law, but agree that fact questions exist in the matter. If Highway Contractors' exhibits had been uncontroverted, they would have established the defense as a matter of law. The assertion under oath by West Texas that J. R. Adams, Inc. is responsible for the sales tax on the Caterpillar wheel loader is contrary to the assertion being made under oath in this proceeding that Highway Contractors, Inc. is responsible for the sales tax on the same item.

West Texas controverted the exhibits, however, and stated under oath that the claim was included in the suit against J. R. Adams, Inc. because of "mistake or inadvertent error, on the erroneous belief that Defendant J. R. Adams, Inc. was one and the same as Highway Contractors, Inc." The responsive affidavits also state that the suit against J. R. Adams, Inc. was settled and dismissed, that the tax on the wheel loader was not paid, and that West Texas' attorney corresponded with J. R. Adams about the matter after West Texas discovered that the tax had not been paid. J. R. Adams' letter in response to West Texas' letter, attached as an exhibit to one of West Texas' controverting affidavits, is somewhat equivocal. However, it states, "Please advise on this matter, because, in our opinion Highway Contractors, Inc. could not have been included in the original petition to J. R. Adams, Inc." The letter is written on a "J. R. Adams, Inc." letterhead but is signed "Highway Contractors, Inc." by "J. R. Adams."

■ West Texas' conclusory assertion that the claim was included in the prior suit by "mistake or inadvertent error" is not, standing alone, competent summary judgment proof, *Life Ins. Co. of Virginia v. Gar Dal, Inc.*, 570 S.W.2d 378 (Tex.1978), nor are various hearsay assertions in the affidavits. *Sparkman v. McWhirter*, 263 S.W.2d 832 (Tex.Civ.App.—Dallas 1954, writ ref'd). However, even after excluding the conclusions and hearsay there is competent summary judgment evidence by West Texas, including J. R. Adams' letter, sufficient to raise a fact question on whether the inclusion of the claim in the prior suit was by mistake. The controverting evidence is not, however, so clear, unequivocal and undisputed that it negates the judicial estoppel defense as a matter of law, as the trial court apparently concluded. Nor is the evidence so clear, unequivocal and undisputed that this court can conclude that the defense was established as a matter of law.

■ In an alternative argument, West Texas contends the judgment should be affirmed if there is a fact question on judicial estoppel because the very existence of the fact question means Highway Contractors was not entitled to summary judgment. Thus, says West Texas, the trial court correctly denied Highway Contractors' motion and correctly granted West Texas' motion. The argument misconceives the nature of an affirmative defense and the posture of this case before the trial court. An affirmative defense is a denial of the plaintiff's right to judgment even if the plaintiff establishes every allegation in its pleadings. When each side has properly filed motions for summary judgment, the motions are of equal dignity and all summary judgment evidence accompanying one motion is evidence to be considered in deciding the other motion. *De Bord v. Muller*, 446 S.W.2d 299, 301 (Tex.1969). Thus, with both motions before the trial court, West Texas was entitled to judgment only if, first, it established its pleaded cause of action as a matter of law and, second, negated the affirmative defenses raised in Highway Contractors' motion as a matter of law. *See Gulf, Colorado & Santa Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (1958). Having failed to do the latter, it was not entitled to summary judgment. Point of error one is overruled. Point of error three is sustained.

By its second point of error, Highway Contractors contends this suit is barred by the four-year statute of limitations. Tex. Rev.Civ.Stat.Ann. art. 5527 (Vernon Supp. 1980–1981).[4] The equipment sale occurred on October 17, 1973, but the sales tax was not collected at that time because of uncertainty concerning its applicability to the sale. The Comptroller subsequently determined that the sale was taxable and West Texas paid the tax. Highway Contractors contends the statutory time limit runs from the date of the sale; West Texas contends it runs from the date it paid the tax pursu-

---

4. Tex.Rev.Civ.Stat.Ann. art. 5527 was amended in 1979. However, the applicable portion relat-

ing to actions for debt has not changed.

ant to the Comptroller's determination of liability. We agree with West Texas.

Article 5527, as pertinent here, states:

There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

1. Actions for debt.

\* \* \* \* \* \*

West Texas' duty to collect the tax from Highway Contractors is stated in Tex.Tax.-Gen.Ann. art. 20.021(A) (Vernon Supp.1980–1981):

(A) Every retailer shall add the sales tax imposed by Article 20.02 of this Chapter to his sale price and when added the tax shall constitute a part of the price, shall be a debt of the purchaser to the retailer until paid, and shall be recoverable at law in the same manner as the purchase price....

▆ It is fundamental that a limitations period does not begin to run until a cause of action has accrued. *Williams v. Pure Oil Co.*, 124 Tex. 341, 78 S.W.2d 929 (1935). Indeed, article 5527 so states. Thus, it being settled that West Texas has a cause of action for recovery of the unpaid sales tax, *Reaves & Becker Company v. Wilkes Company*, 392 S.W.2d 379 (Tex.Civ. App.—Austin 1965, writ dism'd), the inquiry is when that cause of action arose. Under the facts of this case, we hold it arose when West Texas paid the tax.

Article 20.021(A) required West Texas to add the sales tax to the sale price of the equipment. West Texas did not do so at the time of sale nor, at that time, had it been determined that West Texas was liable to the state for the tax. Thus, having neither added the tax nor having been held liable for it, West Texas did not possess a viable cause of action against Highway Contractors at the time of the sale. The

later payment of the tax by West Texas pursuant to the Texas Comptroller's determination of liability was an automatic addition of the tax to the sale price and activated West Texas' rights against Highway Contractors under article 20.021(A). Thus, upon payment by West Texas, the sales tax became "a debt of [Highway Contractors] to [West Texas] until paid ... recoverable at law in the same manner as the purchase price...." [5] *See Cannon Ball Truck Stop, Inc. v. Mobil Oil Corporation*, 501 S.W.2d 927, 929 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.).

West Texas paid the tax on July 22, 1977 and filed suit on May 23, 1978. Therefore, the four-year statute of limitations does not bar the suit. Point of error two is overruled.

The judgment of the trial court is reversed and the case is remanded for trial.

5. Under the facts in this case, there are three choices available as starting points for the limitations period. We reject the date of sale and adopt the date of payment, for the reasons discussed above. The third option, the date on which the retailer actually makes demand on the purchaser, *i. e.*, physically adds the sales tax to the sale price, is not acceptable because it would permit the retailer to indefinitely delay collection of the claim. That is one of the evils statutes of limitation are designed to prevent.