## TEXACO REFINING & MARKETING, INC., Texaco Marine Services, Inc., Appellants,

v.

## ESTATE OF DAU VAN TRAN, Vi Thi Pham, Do Van Tran, Farmer Boy's Catfish Kitchens International, Inc., Theresa Nguyen and Anh Nguyen, Appellees.

### No. 09–89–009 CV.

Court of Appeals of Texas, Beaumont.

Aug. 30, 1990.

Rehearing Denied Sept. 18, 1990.

Michael C. Farrow, Clan, Bell & Murphy, Houston, for appellants.

Jon Burmeister, Moore, Landrey, Garth & Jones; Steven C. Barkley, Evans, Moses & Barkley; and Louis H. Beard, Wells, Peyton, Beard, Greenberg, Hunt & Crawford, Beaumont, for appellees.

## OPINION ON MOTION ON REMAND FROM THE UNITED STATES SUPREME COURT

BROOKSHIRE, Justice.

The Maritime Law Association of the United States filed a brief as amicus curiae. The petition for writ of certiorari was granted. Of course, Maritime Law Association of the United States was not before us. Thereafter, a writ of certiorari was granted by the Supreme Court of the United States and the judgment in the case was vacated by the Supreme Court, —— U.S. ——, 110 S.Ct. 3266, 111 L.Ed.2d 776, and the case remanded to our Court of Appeals

for further consideration in light of *Sisson v. Ruby*, —— U.S. ——, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990) rev'd 867 F.2d 341 (7th Cir.1989). *Sisson, supra,* was decided June 25, 1990, after the date of our opinion.

We have assiduously reconsidered our opinion in light of *Sisson v. Ruby, supra.* In an outstanding opinion, Mr. Justice Marshall wrote, as his opening sentence:

"We must decide whether *28 U.S.C. s 1333(1),* which grants federal district courts jurisdiction over '[a]ny civil case of admiralty or maritime jurisdiction,' confers federal jurisdiction over petitioner's limitation of liability suit brought in connection with a fire on his vessel. We hold that it does."

No limitation of liability issue is before us in *Texaco Refining & Marketing, Inc., et al v. Estate of Dau Van Tran, et al.*

Sisson was the owner of a 56-foot pleasure yacht. While the yacht was docked at a marina on Lake Michigan, a fire erupted in the area of the washer/dryer unit. The fire destroyed the pleasure yacht and damaged several nearby vessels and the marina. Subsequent to the fire, the respondents filed claims against Sisson for over $275,000.00 for damages to the marina and the other vessels. Then, Sisson invoked the provisions of the Limited Liability Act which limits the liability of an owner of a vessel for damage done "without privity or knowledge of such owner" to the value of the vessel and its freight. 46 U.S.C.A.App. § 183(a) (1982). Sisson petitioned the Federal District Court to limit his liability to $800.00 being the salvage value of his yacht after the fire. We must stress and respectfully point out that the sole issue was damage to property in *Sisson, supra.* We deal, here, with a personal injury and death action. Also, this appealed case was originally brought in the State District Court of Texas and not in a United States District Court.

By the pleadings of Texaco Refining and Marketing, Inc., et al, the original defendants invoked the Texas Rules of Civil Procedure, especially TEX.R.CIV.P. 92 thereof. The pleadings were further to the effect that Texaco Refining & Marketing, Inc. (TRMI) and Texaco Marine Services, Inc. (TMSI) were not responsible for any breach of any duty but that the sole fault and negligence were due to third parties. As an affirmative defense, the defendants below pleaded the doctrine of volenti non fit injuria or the assumption of risk.

Texaco Refining & Marketing, Inc., below and Texaco Marine Services, Inc.—neither one—pleaded that the cause of action was within the maritime or admiralty cognizance or jurisdiction. Hence, they waived the same. TEX.R.CIV.P. 94. Nor did the defendants below plead or prove that the deceased was a seaman; nor did they plead or prove that the remedies under the Texas Wrongful Death Statute, TEX.CIV.PRAC. & REM.CODE ANN. sec. 71.001–71.002 (Vernon 1986) and the Texas Survival Statute, TEX.CIV.PRAC. & REM. CODE ANN. sec. 71.021 (Vernon 1986), were not applicable.

At the trial court level, the defendants simply failed to plead the constitutional and/or statutory contentions that they are now claiming. No special exceptions were leveled against the plaintiffs' pleadings seeking recovery for mental anguish. Since no special exceptions were leveled and no affirmative pleadings were advanced, the defendants below effected a waiver. TEX.R.CIV.P. 94. *Highway Contractors, Inc. v. West Tex. Equipment,* 617 S.W.2d 791 (Tex.Civ.App.—Amarillo 1981, no writ). See also *Borders v. KRLB, INC.,* 727 S.W.2d 357 (Tex.App.—Amarillo 1987, writ ref'd n.r.e.). An affirmative pleading is required to support or sustain some independent grounds of evidence or defense stating why the plaintiffs are barred from recovering under their live pleadings and this affirmative, defensive pleading must be timely urged to the trial court.

It was only after the case was tried and decided, that the defendants, for the first time, contended that the Texas Wrongful Death Statute and the Texas Survival Statute, cited above, were not the proper statutes of recovery for the plaintiffs. Clearly, then, the Appellants in our Court of Appeals, are necessarily taking the position that, even if the plaintiffs' claims were

true, the said death statute and the survival statute, as pleaded by the plaintiffs in support of their claims for damages, simply did not permit plaintiffs to recover under the facts and evidence of the cause of action. This late position, then, is a matter constituting an avoidance and is certainly an affirmative defense. Hence, it had to be affirmatively pleaded, set forth and urged, under TEX.R.CIV.P. 94.

■ This is patently clear because the defendants below, appellants here, now take the position that the plaintiffs simply could not recover any damages whatsoever for mental anguish. Indeed, affirmative defenses, as distinguished from a defendant's denials, are those propositions and contentions which a defendant, or defendants, may assert and interpose to defeat a pleaded cause of action brought by a plaintiff. These affirmative, pleaded defenses allow a defendant to introduce evidence which does not tend to rebut the factual propositions asserted and pleaded by the plaintiff; but, rather, set forth and establish an independent reason why the plaintiff simply should not recover an element of damage sought by the plaintiff. See *Hays Cons. Ind. Sch. D. v. Valero Trans. Co.,* 645 S.W.2d 542 (Tex.App.—Austin 1982, writ ref'd n.r.e.).

■ Hence, if a party, either plaintiff or defendant, fails to plead an affirmative defense, then the district court cannot enter a judgment based on that affirmative defense. This is true because a trial court's judgment must conform to the pleadings. This is a stringent rule and evidence will not cure the failure of a judgment to comport with the pleadings. See *Hays Cons. Ind. Sch. D., supra.* Since the now contended-for affirmative defense was neither pleaded nor proved, it was and is certainly waived. Clearly, then, since the appellants here neither pleaded nor proved the inapplicability of the Texas Wrongful Death Statute and the Texas Survival Statute, they waived the defense and they simply cannot advance it with success at the appellate level.

*Penalty or Result of Waiver*

■ Well-established precedents exist that affirmative defenses must be pleaded and proved. Otherwise, they are waived. *Christian v. First Nat. Bank of Weatherford,* 531 S.W.2d 832 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). The trial pleadings of the defendants below glaringly reveal that the defendants did not plead and did not prove the inapplicability of the Texas Wrongful Death Statute and the Texas Survival Statute.

The general rule is established that a federal appellate court declines to consider an issue or defense that was not raised below. *See Hormel v. Helvering,* 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). The Supreme Court of the United States has carefully explained that it is essential that the issues be presented below timely in order that the parties may have the full opportunity to proffer all the relevant evidence on the issues. Also, importantly, the parties should have the opportunity to present, fully and intelligently, whatever legal arguments the parties have in favor of a statute. *Singleton v. Wulff,* 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). In *California v. Taylor,* 353 U.S. 553, 77 S.Ct. 1037, 1 L.Ed.2d 1034 (1957), the Supreme Court noted, 77 S.Ct. at page 1037, Headnotes 2 and 3, that since a contention below had been waived: "We, accordingly, do not recognize this contention here." *See FMC Finance Corp. v. Murphree,* 632 F.2d 413 (5th Cir.1980).

■ Furthermore, the point of error of the Appellants in the Ninth Court of Appeals of Texas, advancing error in the trial court's awarding damages for mental anguish, was not properly preserved. At trial, there was no objection to the evidence nor were there pleadings as required by Rule 94. Hence, the proffered point of error on appeal does not comport to any preserved error with the proper predicate made at trial. Nevertheless, we carefully considered and reviewed the Appellants' contentions. We concluded the same lacked merit.

In *Sisson, supra,* the Supreme Court of the United States recognized that protect-

ing commercial shipping is at the heart of the admiralty jurisdiction. The court reasoned that that interest could not be served sufficiently if admiralty jurisdiction is restricted to those individuals actually engaged in commercial maritime activity. The Supreme Court further noted that not every accident in or on navigable waters had the effect of disrupting maritime commerce. Hence, every such accident will not support the federal admiralty jurisdiction. *Foremost Insurance Co. v. Richardson*, 457 U.S. 668, 672 n. 5, 102 S.Ct. 2654, 2657 n. 5, 73 L.Ed.2d 300, 306, n. 5 (1982).

Appellants and the Maritime Law Association now contend that, under the facts of this case, federal maritime law should prevail to the exclusion of state wrongful death and survival statutes. Appellants attack mental anguish damages. There is no evidence or finding that the decedent was a seaman, thus invoking the Jones Act[1], or that the accident occurred more than one marine league offshore, thus invoking the Death on the High Seas Act.[2]

Furthermore, none of the cases cited by Appellants, *Moragne v. State Marine Line*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), *Sea–Land Services v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974) and *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986) support the proposition advanced by Appellants that maritime law preempts state wrongful death statutes when death occurs as a result of maritime activity in state territorial waters. In *The Tungus v. Skovgaard*, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959), the Court upheld the applicability of the state wrongful death statute in the case of the death of a non-seaman aboard a vessel in state territorial waters.

The *Tallentire, supra,* case is discussed in the treatise written by Wright, Miller & Cooper. *See* 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, sec. 3672 (Supp.1990). Section 3672 is entitled "The 'Saving to Suitors' Clause." We quote:

"Despite the Court's stated solicitude with regard to forum choice for survivors of those killed on the high seas, the actual holding of Offshore Logistics, which addressed a conflict that had developed among the Courts of Appeals as to the substantive effect of the Death on the High Seas Act, resolved that conflict against the interests of most survivors. Prior to Offshore Logistics, several lower courts had held that the first sentence of Section 7 of the Act preserved not only concurrent jurisdiction, but also any remedies provided by the state wrongful death statutes, many of which, unlike the federal statute, provide for non-pecuniary losses. [footnote omitted] Indeed, a literal reading of the statute, which states that it shall not affect the provisions of any state statute 'giving or regulating rights of action or remedies for death' [footnote omitted] would appear to support this view. Nonetheless, in Offshore Logistics the Court held that when an accident falls within the provisions of the Act, state wrongful death statutes are preempted. [footnote omitted] Thus, although survivors of a person killed in an accident on the high seas have a choice of forum, they may seek only the limited recovery provided by the Death on the High Seas Act. *If the same accident occurs within a marine league from shore, where the Death on the High Seas Act has no effect, the survivors can recover damages under the state wrongful death statute, including, when provided, reimbursement for non-economic losses.*" (Emphasis added)

We have reread the Statement of Facts. The defendants below, Texaco Refining & Marketing, Inc. (TRMI) and Texaco Marine Services, Inc. (TMSI), did not object to the evidence concerning mental anguish. Dau's family was Vietnamese. They left their native country because the communists came; the family's living became very hard and they could not earn a living. They were forced to leave Vietnam. The

---

1. 46 U.S.C.A.App. sec. 688 (West 1975).

2. 46 U.S.C.A.App. sec. 761 et seq. (West 1975).

family's opposition to the communists affected them adversely, economically and otherwise.

They were a Christian family of the Catholic faith. The father of Dau and the husband of Vi Thi Pham was wounded while serving in the military. The father was Do Van Tran. Do Tran came to the United States to get a necessary operation. The record reflects that, under Vietnamese customs and traditions, the oldest son was very important to the family and had special significance. He could act as a substitute parent. The oldest son had the responsibility of taking care of his parents as long as the parents were living. Dau Van Tran was the oldest son.

We conclude that this language and wording: " 'saving to suitors' in all cases all other remedies to which they are otherwise entitled" is of paramount significance in this case. This statute unambiguously speaks of all other cases and all other remedies. 28 U.S.C.A. sec. 1333(1) (West 1966). Here, Pham and Dau Tran and Do Tran had other remedies; namely, the Texas Death Statute and the Texas Survivors' Statute. It is glaringly evident that none of the parties in *Sisson, supra,* were entitled to these remedies, distinguishing this case in a meaningful, important manner.

The Findings of Fact disclose that the dock involved was in Sabine Pass, Jefferson County, Texas, and that on the date in question Dau Van Tran was not a crew member or an employee of the vessel, "Miss Mary", and/or the owners of the "Miss Mary".

In our first opinion, we overruled all other points of error advanced by Appellants and we affirm the overruling of such points of error.

The Judgment of the District Court of Jefferson County, Texas, is reinstated and reaffirmed.

AFFIRMED.