Spellmon v. Snell 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-252-CV

     TERRENCE R. SPELLMON,
                                                                                              Appellant
     v.

     GLENN SNELL, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 26,406
                                                                                                    

O P I N I O N
                                                                                                    

      Terrence Spellmon, an inmate at the Hughes Unit of the Department of Criminal Justice,
Institutional Division, sued Glenn Snell and Milfred Massey, correctional officers, in the District
Court of Coryell County. He also sued James A. Lynaugh and others in the United States District
Court for the Eastern District of Texas. During trial in federal court, Spellmon and the Attorney
General of Texas reached a settlement that provided that Spellmon would dismiss both his federal
and state-court actions. Spellmon then filed objections to the settlement, alleging that he had
entered into it out of fear and that the agreement violated the United States Constitution. Federal
courts found that Spellmon knowingly and voluntarily entered into the settlement agreement, that
the agreement was proper, and that the Attorney General had fully complied with the agreement. 
Each court then entered an order of dismissal.
      The Attorney General moved to dismiss this case, and Spellmon filed a "motion to proceed,"
alleging (1) that the agreement was unenforceable due to duress and undue influence and (2) that
it fails for indefiniteness because it did not specify a date by which he was to dismiss the suit. The
court, without a hearing, dismissed the suit.
      As grounds of error, Spellmon asserts that the court abused its discretion in enforcing the
agreement without holding a hearing and that the agreement should not be enforced because it was
obtained upon fraud, misrepresentation, undue influence, and duress and because it fails for
indefiniteness. The State has not filed a brief.
      The full settlement agreement was placed on the record on March 4, 1992, in Cause No. 6:90-CV-127 in the United States District Court for the Eastern District of Texas, Tyler Division,
styled "Terrence R. Spellmon, Plaintiff, v. James A. Lynaugh, et al, Defendants." A complete
statement of facts from the "Settlement Hearing" is in the record, which states:
[Assistant Attorney General]: Yes, sir. Your Honor, the plaintiff's part of this
agreement is as follows: He will dismiss voluntarily the following lawsuits:
. . .
Lawsuit 26406, also Coryell County, Gatesville, Texas, filed November 18, 1991,
against Glenn Snell and Milfred Massey. Plaintiff claims he was forced to strip and excessive
force was applied on him.
. . .
The Court: Mr. Spellmon, are you agreeable to each one of those? Dismissing each one
of those lawsuits he listed . . . .
. . .
            The Court: Are you agreeable to those terms?
            Mr. Spellmon: Yes, sir.
            The Court: That's what you want to do?
            Mr. Spellmon: Yes, sir.
            The Court: And you accept those terms?
            Mr. Spellmon: Yes, sir. 
Spellmon's counsel then asked that Spellmon be placed on the stand. He testified:
Q. Mr. Spellmon, in open court today the Attorney General has announced a settlement
agreement that you have tentatively agreed to; do you understand that?
A. Yes, sir.
Q. And you and I, I've represented you throughout this proceeding; have I not?
            A. Yes, sir.
Q. And you and I have had an opportunity to talk about this proposed agreement on at
least two occasions today and once yesterday when you made the initial proposal; correct?
            A. Yes, sir.
Q. All right. Have I done anything to unduly influence you to, or to persuade you to
enter into this agreement?
            A. No, sir. You have not.
Q. Have you entered into this agreement of your own free will?
            A. Yes, sir. I have.
Q. Do you feel like you understand what the terms of the agreement are?
            A. Yes, sir.
Q. And fully knowing that you are representing to the court that that is your agreement?
            A. Yes, sir.
Q. Okay. Are you asking Judge McKee to approve the agreement as its been stated?
            A. Yes, sir.
After a discussion about attorney's fees, the proceeding continued:
The Court: Is that what you still want to do then, Mr. Spellmon?
Mr. Spellmon: Yes, sir.
      The doctrine of judicial estoppel prevents Spellmon from asserting that the agreement is
invalid. See Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956); Aetna Life Ins. Co. v. Wells,
557 S.W.2d 144 (Tex. Civ. App.—San Antonio 1977), writ ref'd n.r.e., 566 S.W.2d 900 (Tex.
1978). The estoppel arises from sworn statements made in a judicial proceeding by the person
against whom the estoppel is sought to be invoked. Wells, 557 S.W.2d at 147. In Texas, the
statement must have been made under oath and may have been made in verified pleadings, in an
affidavit, or during the course of sworn testimony. Id. The person seeking protection of the
doctrine need not have been a party to the prior proceeding in which the statement was made. Id.
      Spellmon testified that he was not unduly influenced or persuaded to enter into the settlement
agreement, that he entered into it of his own free will, and that he was representing to the court
that it was his agreement and asking that it be approved. Thus, the estoppel arises from those
sworn statements in a judicial proceeding. See id. We overrule points one and two.
      Spellmon also asserts that the court erred in granting the motion to dismiss without holding
a hearing. The court, however, had before it Spellmon's sworn testimony concerning the
agreement. No fact issue was presented that the court was required to determine before deciding
whether to grant the defendant's motion to dismiss based on the settlement agreement. Thus, no
hearing was required and the court did not abuse its discretion in failing to hold a hearing. We
overrule point three.
      We affirm the order of dismissal.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 10, 1993
Do not publish