Cynthia **WARDLAW**, Individually and as next friend of her minor children, Appellant,

v.

**EXCHANGE SAVINGS AND LOAN ASSOCIATION, Appellee.**

**No. 20168.**

Court of Civil Appeals of Texas, Dallas.

April 17, 1980.

Rehearing Denied May 22, 1980.

Emerson Stone, Jr., Stone & Stone, Jacksonville, for appellant.

Robert G. Boomer, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellee.

Before AKIN, CARVER and HUMPHREYS, JJ.

AKIN, Justice.

This is an appeal by the defendant from an adverse judgment on a note in favor of Exchange Savings and Loan Association. Exchange sued the defendant, as community survivor, to recover the balance due on a note in favor of Exchange, which note had been executed by the defendant's deceased husband. This note was secured by a mobile home, which was sold for $7,000 during pendency of this suit and the proceeds placed in the court's registry. After crediting an amount paid Exchange on a credit life policy, the balance due on the note was $4,446.52. The trial judge awarded judgment in favor of Exchange for $7,000, which apparently included an additional amount for attorney's fees and interest.

On this appeal, appellant Wardlaw, as surviving spouse of the estate of Louis Frank Wardlaw, Jr., argues that no funds were due Exchange because the contract upon which appellee sued, an installment sale of a mobile home, was represented by appellee to have been fully covered by credit life insurance on Wardlaw's life. In this respect, she asserts that Exchange violated the Texas Consumer Credit Act, Tex.Rev. Civ.Stat.Ann. art. 5069–6.01 (Vernon 1971). Because no violation of this act was proved by appellant, the judgment is affirmed.

The decedent had purchased a mobile home and financed it through Exchange. As part of this transaction, Wardlaw purchased credit life insurance at a cost of $900. The term of the loan was 144 months and in the 64th month of the loan Wardlaw died. At the time of his death, the balance due on the note was $9,809.16. The credit life insurance company paid Exchange only $5,624.64. Exchange accepted this amount, credited it to the account, and demanded of Wardlaw's estate the balance of $4,446.52. This demand was rejected and this litigation ensued.

On appeal, Wardlaw argues that the uncontroverted evidence shows that as a matter of law that a constructive fraud was committed upon the decedent. Secondly, the widow contends that judgment should have been rendered in her favor because Exchange violated Tex.Rev.Civ.Stat.Ann. art. 5069–6.04(3) and (7) (Vernon 1971). We cannot agree with these contentions.

■ We do not consider appellant's point that fraud was established as a matter of law because appellant did not plead fraud as an affirmative defense to appellee's action on the sales contract, Tex.R.Civ.P. 94, nor can we say from the record before us that the issue was tried by implied consent. Tex.R.Civ.P. 67. Absent trial by implied consent, failure to plead matters of affirmative defense set forth in Tex.R.Civ.P. 94, precludes the defendant from asserting them. *Reid v. Associated Employers Lloyds,* 164 S.W.2d 584 (Tex.Civ.App.—Fort Worth 1942, writ ref'd).

Neither can we agree with appellant's assertion that the trial court erred in rendering judgment for appellee because of violations of Tex.Rev.Civ.Stat.Ann. art.

5069–6.04(3) and (7) (Vernon 1971).[1] Paragraph (3) requires that when the seller procures credit life insurance at a rate not fixed or approved by the State Board of Insurance, the seller shall provide a statement to the buyer to that effect, thus giving the buyer five days to procure insurance on his own. Paragraph (7) requires the seller who procures insurance for the buyer to provide the buyer with information as to the type of coverage, exclusions, premiums, etc., within forty-five days of the delivery of the goods.

Initially we doubt the applicability of these provisions as a defense to a suit on an installment sales contract. The remedies for violations of the Consumer Credit Code are set forth in Tex.Rev.Civ.Stat.Ann. art. 5069–8.01 et seq. (Vernon Supp.1979). None of these sections would preclude a lender from recovering the balance due him on an installment sales contract because of irregularities with respect to procurement of credit life insurance. Rather the remedies provided are for affirmative relief and criminal penalties. Although appellant prays on appeal for damages for violations of the Consumer Credit Code, his answer in the trial court contains no such prayer, but merely alleges violations of the Consumer Credit Code as affirmative defenses to appellee's suit on the note. Thus we need not consider appellant's claim on appeal for affirmative relief under that code. Nevertheless, we will address appellant's point with respect to the Consumer Credit Code violations although violations of this code are not appropriate affirmative defenses. In this respect, we affirm because appellant has not established the existence of the alleged violations as a matter of law.

Appellant requested no findings of fact and conclusions of law. Thus in order to prevail on appeal on his affirmative defenses, the record must reflect that the affirmative defenses were established as a matter of law, since all fact issues are presumed to be found in favor of the trial court's judgment provided there is evidence to support such presumed findings. R. McDonald, Texas Civil Practice § 16.10 at 29 (Rev. 1971). In order to prove that the required information concerning credit life insurance was not provided to the decedent, appellant relies on her testimony that she did not know whether the information had been received by the decedent. Appellant was not present when the installment sales contract was signed. Appellant also elicited testimony from Exchange's employees that Exchange could not prove that the information had been provided. This testimony does not eliminate the existence of a fact issue as to whether the information required by the code was actually provided to the decedent. Thus the evidence falls far short of establishing appellant's affirmative defenses as a matter of law.

Affirmed.

---

1. Article 5069–6.04(7) was substantially revised by the 1979 legislature. Revisions were effective August 27, 1979.