**BRACTON CORPORATION, Appellant,**

v.

**EVANS CONSTRUCTION COMPANY, Appellee.**

**No. B14–88–1022–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 11, 1990.

Chris P. Di Ferrante, Stephen G. Scholl, Houston, for appellant.

Yocel Alonso, John C. Landon, Bellaire, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

ROBERTSON, Justice.

At the trial in the court below, concerning breach of an office lease contract, the jury found for appellant, after which the trial court granted a judgment notwithstanding the verdict. Appellant contends that the trial court erred in granting the judgment notwithstanding the verdict and that, as a matter of law, the jury's award of damages was inadequate. Appellee, by cross-points, contends that if we sustain appellant's points, the evidence was insufficient to show a breach of the lease and that the trial court erred in denying leave to amend its original answer. Finding error in the trial court's granting of a judgment notwithstanding the verdict, we reverse and render.

Appellee, Evans Construction Company (Evans), had constructed various buildings for Mel Powers Investment Builder (Powers). Evans entered into a lease contract for office space in one of Powers' buildings "because of the business relationship with Mr. Powers." The lease, dated September 12, 1985, and effective November 1, 1985, ran for a period of three years, and provided for a stated monthly rental. Paragraph XXVI (B) provided:

> (B) If voluntary bankruptcy proceedings be instituted by Lessor, or if proceedings be instituted by anyone else to adjudge Lessor a bankrupt, or if Lessor makes an assignment for the benefit of his creditors, or if execution be issued against him, or if the interest of Lessor in this contract pass by operation of law to any person other than Lessor, or if Lessor moves from the building or Lessor's interest in the building is foreclosed, this lease may at the option of Lessee be terminated by notice addressed to Lessee (sic) at the premises and either personally delivered to the premises or deposited, postage prepaid, in the United States Mail.

Evans moved from the building in the latter part of January, 1987, and refused to pay any rental for the remainder of the term. Appellant, Bracton, the successor in interest to Powers, brought suit for the deficiency. The petition alleged that appellant had performed and fulfilled all conditions precedent.

Evans filed only a general denial and did not deny the occurrence or performance of any conditions precedent. Some sixty-five days after the pleading amendment cut-off date under the trial court's docket control notice, Evans sought leave to file an amended answer setting forth the affirmative defenses of release, waiver, and estoppel based upon Paragraph XXVI (B) of the lease agreement. The trial court refused to grant appellee leave to file this amendment.

At trial, however, over Bracton's repeated objections, the trial court permitted Evans to introduce evidence concerning satisfaction of the conditions of Paragraph XXVI (B) of the lease agreement. At the close of the evidence, the trial court overruled Evans' motion for directed verdict and submitted the case to the jury on two unobjected-to questions, consisting of:

(1) Did the defendant break the lease contract in question?

(2) What sum of money, if any, if paid now in cash, would reasonably compensate the plaintiff for the rental in question?

The jury answered the first question "yes" and answered $82,110.92 in response to the second. Both parties moved for judgment. In response to Evans' motion, however, the

trial court granted judgment notwithstanding the verdict.

█ In three points of error, Bracton contends the trial court erred in granting judgment notwithstanding the verdict because (1) there was some evidence to support the jury's answer to question one; (2) there was some evidence to support the jury's answer to question two; and (3) the trial court erred in admitting evidence of Evans' affirmative defenses because there were no pleadings to support the admission of the evidence. Appellee counters, without citation to any supporting authority, that the contingencies stated in Paragraph XXVI (B) of the lease, which would give Evans the right to cancel the lease, were not affirmative defenses. Rather, Evans asserts that Bracton would have to disprove these situations in order to recover under the lease. We do not agree.

Chief Justice Coleman, speaking for the court in *Howell v. Kelly*, 534 S.W.2d 737, 740 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ) (citations omitted), succinctly stated what the law requires of each party in a contract dispute:

It is the burden of the plaintiff to establish the existence of the contract sued on; that he was ready and able to perform the contract; the happening of a condition on which liability is based, or that the condition would have happened if the promisor had abided by the terms of the contract; a breach of the contract; and the amount due him under the contract. The burden of proving the happening of a contingency which, by the terms of the contract, would discharge the party from liability, or any default or refusal to perform on the part of the plaintiff that would excuse the performance by the defendant, is on the party who seeks to avoid the contract or excuse a failure to perform it on that ground. As a general rule there must be specific pleading of excuses for nonperformance.

Tex.R.Civ.P. 94 requires a party to affirmatively plead any of the enumerated defenses including release, waiver "and any other matter constituting an avoidance or affirmative defense." An affirmative defense is "a denial of the plaintiff's right to judgment even if the plaintiff establishes every allegation in its pleadings." *Highway Constr., Inc. v. West Tex. Equip. Co.*, 617 S.W.2d 791, 794 (Tex.Civ.App.—Amarillo 1981, no writ). Such defenses, as opposed to general denials, "are the propositions which a defendant may assert and interpose to defeat a *prima facie* case made by the plaintiff." *Hays Consol. Indep. School Dist. v. Valero Transmission Co.*, 645 S.W.2d 542, 546 (Tex.App.—Austin 1983, writ ref'd n.r.e.). Affirmative defenses "open the ^way for the defendant to introduce evidence which does not tend to rebut the factual propositions asserted in plaintiff's case, but which seeks to establish an independent reason why the plaintiff should not recover." 2 R. McDonald, Texas Civil Practice in District and County Courts § 7.34.1 (rev. 1982).

Thus, it appears to us that Evans' reliance upon Paragraph XXVI (B) of the lease as a basis for non-liability under the contract is indisputably an affirmative defense under Tex.R.Civ.P. 94. All affirmative defenses are waived when the defendant files only a general denial, *Villalon v. Vollmering*, 676 S.W.2d 220, 222 (Tex.App.—Corpus Christi 1984, no writ), and, absent trial by consent, failure to plead matters of affirmative defense precludes the defendant from asserting them. *Wardlaw v. Exchange Sav. & Loan Assoc.*, 599 S.W.2d 119, 120 (Tex.Civ.App.—Dallas 1980, no writ).

█ It is clear, therefore, that the trial court erred in admitting evidence that Paragraph XXVI (B) of the lease or an alleged "side letter" of waiver excused Evans' compliance with the contract. Without this evidence, there is no evidence controverting Bracton's prima facie case. Therefore, it follows that the trial court erred in granting judgment notwithstanding the verdict because a court may only grant such judgment when the granting of a directed verdict would have been proper. Tex.R.Civ.P. 301. We sustain appellant's points of error contesting the grant of judgment notwithstanding the verdict.

Following the grant of a judgment notwithstanding the verdict by the trial court, Bracton filed a motion for a new trial in which it alleged, among other things, that the jury's answer of only $82,-110.92 as damages was against the overwhelming weight of the evidence. Bracton now asserts this contention on appeal as its fourth point of error.

The uncontradicted evidence established that the gross damages resulting from Evans' breach of the lease were $194,810.49. Paragraph XXIII of the lease provided that in the event of default by lessee, "Lessee shall remain liable for rent in an amount equal to the rent reserved less the net amount (if any) received by Landlord from a reletting of the leased premises."

The uncontradicted evidence also showed that Bracton leased the 11,774 square feet on the tenth floor of the building, which Evans abandoned, to the FDIC for a period of time until a greater area on another floor was ready for occupancy. The FDIC paid rent of $70,400 for the period it occupied the premises. There was no pleading and no evidence that Bracton failed to mitigate its damages beyond the $70,400 received from the FDIC and credited to Evans. We agree with appellant, therefore, that the jury's answer on damages was against the great weight of the evidence.

Tex.R.App.P. 81(c) requires this court, upon reversal of a judgment, to render such judgment as the trial court should have rendered. In an effort to defeat rendition, and in accordance with Tex.R.Civ.P. 324(c), Evans presents two cross-points of error.

In the first, Evans contends that if we sustain Bracton's points of error concerning the grant of judgment notwithstanding the verdict, then the trial court erred in denying its motion for new trial because the jury findings of breach of the lease were contrary to the overwhelming weight and preponderance of the evidence. Evans does not detail the evidence or explain how the finding is contrary to the evidence. Our own review of the evidence convinces us this point of error is without merit.

Second, Evans contends that if we sustain Bracton's points of error concerning affirmative defenses, then the trial court erred in denying Evans' motion to amend its original answer. As earlier stated, Evans attempted to amend its answer some sixty-five days after the pleadings amendment cut-off order. Tex.R.Civ.P. 166(g) authorizes the trial court to enter various pre-trial orders including one for a cut-off date on amendments to pleadings. Further, "when amendments which introduce new substantive matter have been refused by the trial court under Rule 63, the burden of showing an abuse of discretion is on the complaining party, rather than on the opposite party to show surprise." *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex.1980). Here, Evans makes no showing of an abuse of discretion. We therefore overrule both of Evans' cross-points of error.

We reverse the judgment of the trial court and render judgment in favor of Bracton for the sum of $124,410.49, for post-judgment interest, and for costs.