Affirmed and Memorandum Opinion filed May 22, 2008








Affirmed and Memorandum Opinion filed May 22, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00086-CV

____________

 

THU MONG NGUYEN, Appellant

 

V.

 

JP MORGAN CHASE BANK, Appellee

 



 

On Appeal from the County
Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 858757

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the granting of a summary judgment
in favor of appellee, JP Morgan Chase Bank (ABank@), the plaintiff
in a suit seeking to collect on a guaranty executed by appellant, Thu Mong
Nguyen.  We affirm.

Factual and Procedural Background 








On or about December 23, 1999, Datacom Technology Services,
Inc. (ADatacom@) executed a
Business Revolving Credit Application and Agreement (the ACredit Application@) in the original
principal amount of $50,000.00.  The Credit Application, once it was accepted
by the Bank, created a revolving line of credit which allowed Datacom to borrow
money up to the principal amount by writing checks provided by the Bank.  In
addition, the Credit Application included language wherein appellant personally
guaranteed repayment of all amounts borrowed by Datacom plus any accumulated
interest.  The guaranty section of the Credit Application is entitled: APersonal
Guaranties and Collateral Agreement.@  The guaranty
provides:








If this application is approved,
I/we individually and jointly, absolutely and unconditionally guarantee to
Chase Bank of Texas, N.A. and its respective assigns the prompt payment of each
and every obligation and liability of every nature and description of the
Applicant to the Bank, whether now existing or arising in the future (AObligations@).  I agree that
all Obligations will become immediately due without notice or demand from the
Bank if the Applicant at any time breaches any term or condition of the note or
Account Agreement(s) for which the Applicant has applied.  This Guarantee will
continue even if the Bank is unable, for whatever reason, to obtain payment
from the Applicant or other guarantor, or if any of the Obligations have been released
or such Obligations are renewed or time for payment is extended.  I waive
presentment, demand, protest, notice of non-payment or protest thereof, and
furthermore waive all Rules of Suretyship law, rights of subrogation and any
defenses which could be asserted by the Applicant, the undersigned or other
guarantor.  This Guarantee shall continue in effect unless and until I give
written notice to the Bank terminating my future liability under this
Guarantee, in which event I recognize that this Guarantee shall continue in
effect with respect to any and all Obligations incurred prior to the time the
Bank receives such notice, including the amount of any undrawn revolving credit
line or commitment to lend, whether or not conditional.

Subsequently, on or about January 9, 2004, at its request,
Datacom=s line of credit
under the Note was increased from $50,000.00 to $75,000.00.  However, the
guaranty section of the credit agreement increasing Datacom=s line of credit
to $75,000.00 was not completed or signed by appellant.

At a point in time not disclosed in the record, Datacom
ceased doing business and failed to make payments as required by the terms of
the note with the Bank.  Appellant also did not make the payments as required
by the terms of the guaranty agreement.  The Bank eventually filed suit
against  Datacom for breach of the promissory note and against appellant for
breach of the guaranty agreement.  In response to the lawsuit, both Datacom and
appellant filed answers asserting a general denial and a single affirmative
defense: improper offset.

The Bank filed an amended motion for summary judgment on
its claims against both Datacom and appellant.  Datacom and appellant filed their
responses to the Bank=s motion.  In appellant=s response,
appellant argued only that she had never signed a guaranty for the increase in
the line of credit from $50,000.00 to $75,000.00 and was not personally liable
for that amount.  The trial court granted the Bank=s motion and
entered a final summary judgment holding Datacom and appellant jointly and
severally liable for $79,379.71 in damages plus attorney=s fees of
$3,000.00 for trial.








Following the trial court=s entry of its
final summary judgment, appellant filed her motion for new trial.  In this
motion, appellant raised the issues of unilateral mistake, mutual mistake, and
material alteration for the first time.  At the same time, appellant filed her
first amended answer where she asserted, for the first time, the affirmative
defenses of unilateral mistake, mutual mistake, ambiguity, and material
alteration.[1] 
The trial court denied appellant=s motion for new
trial and this appeal followed.

Discussion

In four issues on appeal, appellant challenges the trial
court=s final summary
judgment.  In her first issue, appellant argues the trial court erred in
granting the Bank=s motion because there were fact issues on
the affirmative defense of unilateral mistake.  In her second issue, appellant
contends the trial court erred because there were fact issues on the
affirmative defense of mutual mistake.  In her third issue, appellant asserts
the trial court erred in granting the summary judgment because the guaranty is
ambiguous.  In a fourth, unnumbered issue, appellant contends the trial court
erred in granting the Bank=s summary-judgment motion because there
was a material alteration in the terms of the guarantee.[2]

A.      The
Standard of Review








A plaintiff moving for summary judgment must conclusively
prove all essential elements of its claim.  Cullins v. Foster, 171
S.W.3d 521, 530 (Tex. App.CHouston [14th Dist.] 2005, pet. denied). 
In a traditional motion for summary judgment, if the movant=s motion and
summary-judgment evidence conclusively establish its right to judgment as a
matter of law, the burden shifts to the non-movant to raise a genuine issue of
material fact sufficient to defeat summary judgment.  M. D. Anderson Hosp.
& Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  The
non-movant has no burden to respond to a summary judgment unless the movant
conclusively establishes its right to summary judgment.  Rhone-Poulenc, Inc.
v. Steel, 997 S.W.2d 217, 222B23 (Tex. 1999). 
We review a summary judgment de novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  We take all evidence favorable
to the non-movant as true and indulge every reasonable inference and resolve
all doubts in the non-movant=s favor.  Id.

B.      Waiver

In its response brief, the Bank asserts appellant has
waived each of the arguments raised in her appeal because each issue addresses
an affirmative defense which she did not plead in her original answer.  We
agree.

An affirmative defense is defined as Aa denial of the
plaintiff=s right to judgment even if the plaintiff establishes
every allegation in its pleadings.@  Hassell
Constr. Co. v. Stature Comm. Co., 162 S.W.3d 664, 667 (Tex. App.CHouston [14th
Dist.] 2005, no pet.) (quoting Bracton Corp. v. Evans Constr. Co., 784
S.W.2d 708, 710 (Tex. App.CHouston [14th Dist.] 1990, no writ).  An
affirmative defense allows the defendant to introduce evidence to establish an
independent reason why a plaintiff should not prevail; it does not rebut the factual
proposition of the plaintiff=s pleading.  Id.  All affirmative
defenses are waived when the defendant files only a general denial, and, absent
trial by consent, failure to plead a matter of affirmative defense will
preclude a defendant from asserting it.  Id.








Here, unilateral mistake, mutual mistake, ambiguity, and
material alteration are all affirmative defenses.  See Kendziorski v.
Saunders, 191 S.W.3d 395, 406 (Tex. App.CAustin 2006, no
pet.) (unilateral mistake is an affirmative defense); Frost Nat=l Bank v. Burge, 29 S.W.3d 580,
588 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (material
alteration is an affirmative defense); Marsh v. Marsh, 949 S.W.2d 734,
745 (Tex. App.CHouston [14th Dist.] 1997, no writ) (mutual mistake is
an affirmative defense); Gonzales v. Norris of Houston, Inc., 575 S.W.2d
110, 113 (Tex. App.CHouston [14th Dist.] 1978, writ ref=d n.r.e.)
(ambiguity is an affirmative defense).  The only affirmative defense appellant
pled in her original answer was offset.  Therefore, because she did not plead
mutual mistake, unilateral mistake, ambiguity, or material alteration in her
original answer, appellant has waived consideration of those affirmative
defenses on appeal.  Hassell Constr. Co., 162 S.W.3d at 667.

The fact appellant apparently tried to remedy the
deficiency in her pleadings after the trial court had signed the final summary
judgment by filing an amended answer does not change the result.  Rule 166a(c)
provides that a motion for summary judgment is proper if the pleadings Aon file at the
time of the hearing, or filed thereafter and before judgment with permission of
the court, show that . . . there is no genuine issue as to any material fact
and the moving party is entitled to judgment as a matter of law on the issues
expressly set out in the motion.@  Tex. R. Civ. P. 166a(c).  Here, appellant did not file
her amended answer until after the trial court signed the final summary
judgment, therefore, we cannot consider appellant=s amended answer
even though it appears in the appellate record.  Id.; see also Taylor
v. Sunbelt Management, Inc., 905 S.W.2d 743, 745 (Tex. App.CHouston [14th
Dist.] 1995, no writ) (holding appellate court could not consider amended
pleadings filed after summary-judgment hearing but before trial court signed
the summary judgment where the appellate record was silent as to the trial
court granting permission to file late amended pleadings).  Because appellant
has waived consideration of the affirmative defenses of unilateral mistake,
mutual mistake, ambiguity, and material alteration, and her issues on appeal
addressed only those affirmative defenses, we overrule her issues on appeal.

 

 

 








Conclusion

Having overruled all of appellant=s issues on
appeal, we affirm the trial court=s final summary
judgment.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 22, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.

 

 









[1]  The Bank attached to its brief two documents
purporting to be appellant=s motion for
leave to file a trial amendment to her pleadings and the trial court=s order denying same.  However, neither document is
found in the appellate record.  We may not consider exhibits or appendices attached to
briefs that are not part of the appellate record.  Ramex Construction Co. v.
Tamcon Services, Inc., 29 S.W.3d 135, 138 (Tex. App.CHouston [14th Dist.] 2000,  no
pet.).  Therefore, we may not consider these documents in our review of the
trial court=s final summary judgment. 





[2]  In her brief, appellant only challenges the trial
court=s granting of the Bank=s motion for summary judgment.  However, in her reply brief, appellant
attempts to raise a new issue for review arguing the trial court erred when it
denied her motion for new trial.  Because a party cannot raise a new issue for
the first time in a reply brief, we do not address this issue.  Tex. R. App. P.
38.3; Dallas Co. v. Gonzales, 183 S.W.3d 94, 104 (Tex. App.CDallas 2006, pet. denied).