**Opinion filed December 16, 2021**



In The

# Eleventh Court of Appeals

—————

## No. 11-20-00048-CV

—————

## IN THE MATTER OF THE EXPUNCTION OF A.L.

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CV56100**

## M E M O R A N D U M   O P I N I O N

Appellant, A.L., sought an expunction of all criminal records and files related to her arrest for the offense of aggravated assault with a deadly weapon, family violence. In two issues, Appellant asserts that the trial court erred when it denied her petition for expunction. We reverse.

### I. *Factual Background*

In 2018, the State charged Appellant with the felony offense of aggravated assault with a deadly weapon, family violence. In accordance with the terms of her negotiated plea bargain agreement with the State, Appellant was assigned to a

pretrial diversion (PTD) program for a period of nine months. Her felony charge was later dismissed after Appellant successfully completed the PTD program.

Appellant subsequently filed her petition for expunction. At her expunction hearing, Appellant testified that she had completed and satisfied all requirements of the PTD program, that the felony charge for which she was arrested did not result in a final conviction, and that there was no case pending against her. During its cross-examination, the State attempted to question Appellant about a condition of the plea bargain agreement, in which Appellant had allegedly waived her right to seek an expunction of the felony charge and all matters related to it. Her trial counsel objected to the State's inquiry on the grounds that the State had failed to plead and allege the affirmative defense of waiver prior to the hearing. Nevertheless, the trial court overruled Appellant's objection, admitted the State's proffered evidence, and ultimately denied her petition for expunction.

Appellant raises two issues on appeal; because the issues are intertwined, we will consider them together. Essentially, Appellant contends that the trial court abused its discretion when it denied her petition for expunction because (1) she had satisfied all of the statutory requirements to obtain an expunction of the charged offense and all related matters and (2) it based its decision on the evidence presented by the State that pertained only to the State's unpleaded affirmative defense of waiver.

## II. *Standards of Review*

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte R.P.G.P.*, 623 S.W.3d 313, 317 (Tex. 2021). However, to the extent that the trial court's ruling depends on a question of law, we review the ruling de novo. *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2020) ("[A] trial court

2

has no 'discretion' in determining what the law is or applying the law to the facts." (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

Further, we review a trial court's decision to admit or exclude evidence for abuse of discretion. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001).

### III. *Analysis*

Article 55.01 of the Code of Criminal Procedure governs an individual's right to an expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2021). In relevant part, a person who has been arrested for the commission of a felony offense is entitled to have all records and files relating to the arrest expunged if: (1) the person has been released; (2) the charge, if any, has not resulted in a final conviction and is no longer pending; (3) there was no court-ordered community supervision for the offense; (4) an indictment charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested, if presented at any time following the arrest, was dismissed or quashed; and (5) the trial court finds that the indictment was dismissed or quashed because the person completed a pretrial intervention program. *Id.* § 55.01(a)(2)(A)(ii)(c). Here, there is no dispute that Appellant satisfied all of the statutory requirements to obtain an expunction of the records, files, and other relevant information that was related to her arrest for the charged offense.

The record before us shows that (1) Appellant had been released from the charged offense; (2) the charged offense did not result in a final conviction and was no longer pending; (3) Appellant had not been placed on community supervision for the charged offense; (4) the indictment for the charged offense had been dismissed; and (5) the charged offense was dismissed because the trial court found that

3

Appellant had successfully completed her PTD program. As we have said, the State does not dispute that Appellant proved her entitlement to an expunction under Article 55.01. Rather, the State maintains that the trial court properly admitted and considered the evidence presented by the State concerning Appellant's alleged waiver of her right to seek an expunction. We disagree.

Although the expunction statute is codified in the code of criminal procedure, one's entitlement to an expunction is clearly a civil remedy. *Ex parte R.P.G.P.*, 623 S.W.3d at 316 (citing *Ex parte E.H.*, 602 S.W.3d at 489). Therefore, because an expunction proceeding is civil in nature, the rules of civil procedure apply to and govern expunction hearings. *Carson v. State*, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.).

Under Rule 94, waiver is an affirmative defense that must be specifically pleaded. TEX. R. CIV. P. 94. Thus, if a party fails to plead and allege the affirmative defense of waiver, that party is precluded from relying on or asserting the waiver defense at trial. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 223 (Tex. 1992); *Security Self Storage LLC v. Pauling*, No. 11-09-00103-CV, 2010 WL 3170670, at *2 (Tex. App.—Eastland Aug. 12, 2010, no pet.) (mem. op.) (citing *Bracton Corp. v. Evans Constr. Co.*, 784 S.W.2d 708, 710 (Tex. App.—Houston [14th Dist.] 1990, no pet.)). In this case, the State did not file any pleadings in response to Appellant's petition for expunction. As such, the State failed to properly raise the affirmative defense of waiver prior to the commencement of the expunction hearing. Despite its failure to plead or assert the affirmative defense of waiver in advance of the hearing, as a defense to Appellant's expunction request the State nonetheless presented evidence, which the trial court admitted, that Appellant had allegedly waived her entitlement to an expunction. In fact, over the objections

asserted by Appellant's trial counsel, the trial court permitted the State to question Appellant about the substance of the plea agreement in which she purportedly waived her right to seek and obtain an expunction of the charged offense and other related matters.

In light of the State's failure to comply with the pleading requirements of Rule 94, it was prohibited from relying on or asserting a waiver defense at trial. Therefore, the trial court should have neither admitted nor considered the evidence presented by the State in support of this defense. Because it did in both respects, we hold that the trial court abused its discretion when it (1) permitted the State to develop an unpleaded and unasserted waiver defense to Appellant's expunction request and (2) admitted the evidence offered by the State on that issue.

Moreover, in its findings of fact and conclusions of law, the trial court recited and referred to language from the parties' plea agreement and found that Appellant had waived her right to an expunction. However, unlike the waiver evidence discussed above, the plea agreement was neither offered by the State nor admitted into evidence by the trial court. Therefore, because the plea agreement is not a part of or included in the appellate record, it is not before us and cannot support the trial court's finding.

The State concedes that the trial court's decision to admit the evidence that Appellant had allegedly waived her right to an expunction contributed to the trial court's judgment. We agree that the trial court's erroneous admission of this evidence probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). This is particularly true when, as in this case, the erroneously admitted evidence was pertinent to a crucial issue in the case. *See Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 871 (Tex. 2008); *Nissan Motor Co. v.*

*Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). Here, Appellant conclusively proved her entitlement to an expunction of the charged offense and all records, filings, and other information related to it. The record before us does not contain any admissible evidence to the contrary. Consequently, we hold that the trial court abused its discretion when it denied Appellant's petition for expunction.

## IV. *This Court's Ruling*

We sustain Appellant's first and second issues on appeal. Accordingly, we reverse the order of the trial court and remand this cause to the trial court with instructions to grant Appellant's petition for expunction.

W. STACY TROTTER

JUSTICE

December 16, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.