**Opinion filed January 9, 2025**



In The

# Eleventh Court of Appeals

——————

## No. 11-23-00244-CV

——————

## IN THE ESTATE OF MICHAEL ALLEN HALLMARK, DECEASED

**On Appeal from the County Court at Law**
**Erath County, Texas**
**Trial Court Cause No. P09446**

## M E M O R A N D U M   O P I N I O N

This appeal arises from a suit to enforce a Rule 11 Settlement Agreement. *See* TEX. R. CIV. P. 11. The trial court determined that Appellant, Marvin Hallmark, breached the Rule 11 agreement entered to wrap up a family partnership known as the Hallmark Ranch Partnership that existed between Michael Allen Hallmark, deceased, and his surviving siblings, Appellant and Appellee Katherine Hallmark. The parties to the Rule 11 agreement were Marvin, Appellee Rachael Holloway, the independent executor of Michael's estate, and Katherine. Under the terms of the Rule 11 agreement, Marvin agreed to purchase the partnership interests of Michael's

estate and of Katherine for $1,875,000 each. The Rule 11 agreement further required Marvin to pay these sums within seventy-five days, and that if he did not do so, the parties agreed for the dissolution of the Hallmark Ranch Partnership by naming a broker to sell all partnership assets and divide the proceeds into three shares with Marvin to pay all costs of closing.

The trial court granted the requests of Michael's estate and Katherine for specific performance by dissolving the Hallmark Ranch Partnership and naming JJ Hampton as the "liquidating trustee" of the partnership. The trial court also awarded Rachel and Katherine attorneys' fees. Marvin challenges the trial court's judgment in a single issue asserting that he was entitled to cancel the Rule 11 agreement. We affirm.

*Background Facts*

This is the second appeal that we have addressed involving these parties and the Hallmark Ranch Partnership. *See In re Estate of Hallmark*, 629 S.W.3d 433 (Tex. App.—Eastland 2020, no pet.). The prior appeal involved a receivership entered by the trial court to operate the partnership. *See id.* at 435. We defer to our prior opinion with respect to its discussion of the formation of the Hallmark Ranch Partnership and the relationship between the parties after Michael's death. *See id.* at 435–36.

*Analysis*

Under Rule 11, agreements to settle pending litigation are enforceable if they are "in writing, signed and filed with the papers as part of the record" or "made in open court and entered of record." TEX. R. CIV. P. 11; *Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health & Human Servs.*, 540 S.W.3d 553, 560 (Tex. 2018). Rule 11 agreements have long been recognized as an effective tool for finalizing settlements by objective manifestation so that the agreements themselves do not

become sources of controversy. *Knapp Med. Ctr. v. De La Garza*, 238 S.W.3d 767, 768 (Tex. 2007). Courts have a ministerial duty to enforce valid Rule 11 agreements. *Fortis Benefits v. Cantu*, 234 S.W.3d 642, 651 (Tex. 2007).

A Rule 11 agreement cannot serve as a basis for an agreed judgment if a party withdraws his consent before the trial court has rendered judgment. *Padilla v. LaFrance*, 907 S.W.2d 454, 461–62 (Tex. 1995). However, a party may seek to enforce a Rule 11 agreement after the other party has revoked its consent to it by bringing a claim for breach of contract. *Mantas v. Fifth Ct. of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (orig. proceeding); *Padilla*, 907 S.W.2d at 462.

An action to enforce a Rule 11 agreement to which consent has been withdrawn must be based on proper pleading and proof. *See Padilla*, 907 S.W.2d at 462. Marvin refused to complete the steps necessary to fulfil the terms of the Rule 11 agreement. Rachel and Katherine subsequently brought a claim for breach of contract against Marvin to seek the enforcement of the Rule 11 agreement.

Marvin's attorney appeared on his behalf at the hearing on Rachel's and Katherine's claim for breach of contract. In his closing argument, he asserted that Marvin was unable to complete the purchase he contemplated by the Rule 11 agreement because Marvin was unaware of alleged deficiencies in the paperwork for the partnership, and that these problems precluded him from being able to use the assets of the partnership to finance his purchase of the interests of Michael's estate and Katherine. However, Marvin did not plead any affirmative defenses to the claim for breach of contract, and he did not present any evidence in support of his position.

In his brief, Marvin has expounded upon his contentions. He asserts that the federal tax returns for the partnership had not been filed and the property taxes for the property had not been paid. Specifically, Marvin argues:

> The settlement agreement was entered into by Marvin Hallmark but the
> terms of the settlement were not clear, and they were based on the

assumption that the partnership was in good standing with its Federal and County taxes, and the condition of the property was not clear, and the settlement offer should be re-tried as to the fact of fraud and deceit regarding the good standing of the partnership.

Marvin additionally contends that the Rule 11 agreement should be voided because he did not have a clear understanding of the condition of the partnership at the time that he entered the Rule 11 agreement.

"A settlement agreement is a contract, and its construction is governed by legal principles applicable to contracts generally." *See Austin Tr. Co. as Tr. of Bob & Elizabeth Lanier Descendants Trs. for Robert Clayton Lanier, Jr. v. Houren*, 664 S.W.3d 35, 42 (Tex. 2023) (citing *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990)). Marvin appears to be relying on two affirmative defenses to the claim for breach of contract: fraudulent inducement and mistake. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 331 (Tex. 2011) (fraudulent inducement); *Navasota Res., L.P. v. First Source Tex., Inc.*, 249 S.W.3d 526, 539 (Tex. App.—Waco 2008, pet. denied) (mistake).

"An affirmative defense is 'a denial of the plaintiff's right to judgment even if the plaintiff establishes every allegation in its pleadings.'" *Bracton Corp. v. Evans Constr. Co.*, 784 S.W.2d 708, 710 (Tex. App.—Houston [14th Dist.] 1990, no writ) (quoting *Highway Const., Inc. v. W. Tex. Equip. Co.*, 617 S.W.2d 791, 794 (Tex. App.—Amarillo 1981, no writ.)). An affirmative defense allows the defendant to introduce evidence to establish an independent reason why the plaintiff should not prevail; it does not rebut the factual proposition of the plaintiff's pleading. *Heggy v. Am. Trading Employee Ret. Account Plan*, 123 S.W.3d 770, 778 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Failure to plead a matter as an affirmative defense precludes a defendant from asserting it. *Bracton Corp.*, 784 S.W.2d at 710.

Because Marvin neither pleaded nor presented any evidence in support of his affirmative defenses to the Rule 11 agreement, the trial court did not err by entering judgment ordering Marvin to specifically perform the agreement. We overrule Marvin's sole issue on appeal.

*This Court's Ruling*

We affirm the final judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

January 9, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.